UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

KEENAN LEWIS

Plaintiff, (Pro-se),

            -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
AND P.O. ANDREW NASH, Shield #11510,
Individually and in his Official
Capacity,

Defendant's.

-------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

(CIVIL NO.:_____CV_____)

**16CV7921**

Plaintiff, __KEENAN LEWIS_____, acting Pro-se and complaining of
the defendant's, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive
damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C.
§1988 for violations of his civil rights, as said rights are secured
by said statutes and the Constitutions of the State of New York and
the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C.
§1988, and the Fourth and Fourteenth Amendments to the United States
Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331,1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York
under 28 U.S.C. § 1391(b), in that this is the District in
which the claim arose.

PAGE 2.
COMPLAINT:

5.                          <u>JURY DEMAND</u>

<u>Plaintiff</u> Respectfully demands a trial by jury of all issues
in this matter pursuant to Fed.R.Civ.P. 38(b).

6.                            <u>PARTIES</u>

<u>Plaintiff</u> Keenan Lewis is an African-American and has been at
all relevant times a resident of the City of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal cor-
poration duly organized and existing under and by virtue of
the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City
Police Department, a duly authorized public authority and/or
police department, authorized to perform all functions of a
police department as per the applicable sections of the New
York State Criminal Procedure Law, acting under the direction
and supervision of the aforementioned municipal corporation,
The City of New York.

9. At all times hereinafter mentioned, the individually named
defendant's and defendant, P.O. ANDREW NASH, SHIELD #11510,
is a duly sworned police officer of said department and was
acting under the supervision of said department and according
to their official duties.

10. At all times hereinafter mentioned the defendants, either
personally or through their employees, were acting under color
of State Law and/or in compliance with the official rules,
regulations, laws, statutes, customs, usages and/or practices
of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were
done by said defendants while acting within the scope of their
employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were
done by said defendants while acting in the furtherance of their
employment by defendant, THE CITY OF NEW YORK.

FACTS, NATURE OF CLAIM

(SEE EXHIBIT -A) MISDEANOR COMPLAINT NEW YORK COUNTY BY DEFENDANT

P.O. ANDREW NASH SHIELD # 11510 DATED 9/5/14

#13.) THE ACCUSATORY PART OF THIS COMPLAINT BY P.O NASH ACCUSES THE PLAINTIFF

OF THE FOLLOWING CHARGES. P.L 190.25(1) CRIMINAL IMPERSONATION IN THE

SECOND DEGREE. V.T.L 511(1)(a) AGGRAVATED  UNLICENSED OPERATING OF A

MOTOR VEHICLE IN THE THIRD DEGREE,AND V.T.L. 509(1). ALSO          INTER-ALIA,

THAT ON OR ABOUT SEPT. 5th 2014 AT ABOUT 5PM AT THE SOUTH WEST CORNER OF

CHISUM PLACE & WEST 142nd STREET IN THE COUNTY AND STATE OF NEW YORK,

DEFENDANT IMPERSONATED ANOTHER AND ACTED IN SUCH ASSUMED CHARATER WITH

INTEND TO OBTAIN AND BENIFIT, AND TO INJURE  AND DEFRAUD ANOTHER, THE

DEFENDANT OPERATED A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHEN HAVING

REASON TO KNOW THAT HIS LICENCE AND PRIVILEGE OF OPERATING SUCH VEHICLE

IN  THIS STATE  AND HIS PRIVILEGE OF OBTAINING SUCH LICENSE  WAS SUSPENDED

AND REVOKED, THE DEFENDANT OPERATED A MOTOR VEHICLE UPON A PUBLIC HIGHWAY

AND UPON A SIDEWALK AND TO AND  ON A LOT ADJACENT TO A PUBLIC GARAGE,

SUPERMARKET,SHOPPING CENTER AND ON CAR WASHING ESTABLISMENT AND TO AND FROM

INTO A PUBLIC GARAGE AND CAR WASHING ESTABLISMENT WITHOUT BEING DULY LICENSED

THE FACTUAL PART OF THIS COMPLAINT
BY P.O.NASH STATES THE FOLLOWING UNDER OATH

I OBSERVED THE DEFENDANT DRIVING A BLACK 2011 B.M.W SADAN WESTBOUND

ON WEST 14th STREET,AND THAT THE KEY WAS IN IGNITION, THE ENGINE WAS

PAGE 4.
COMPLAINT:

I KNOW THAT THE DEFENDANT KNEW HIS PRIVILEGE OF OBTAINING

A LICENSE AND/OR OPERATING A MOTOR VEHICLE WAS SUSPENDED

BECAUSE THE COMPUTER CHECK REVEALED THAT HIS PRIVILEGE

OF OPERATING A MOTOR VEHICLE WAS SUSPENDED FOR FAILURE TO

ANSWER A NEW YORK SUMMONS AND ALL SUCH SUMMONS HAVE PRINTED

ON THEM,"IF YOU DO NOT ANSWER THIS TICKET BY MAIL WITHIN-

FIFTEEN DAYS YOUR LICENSE WILL BE SUSPENDED". THE SUSPENSION

OCCURS AUTOMATICALLY(BY COMPUTER)WITHIN FOUR WEEKS OF THE

DEFENDANT'S FAILURE TO ANSWER.

#14.)     AS A RESULT OF THIS ACCUSATORY INSTRUMENT AND ARREST ON

SEPTEMBER,5th,2014 THE PLAINTIFF BAIL ON A UNRELATED CHARGE

ISSUED ON FEBRUARY,22nd,2014 WAS REVOKED ON SEPTEMBER,17th,

2014 AND PAROLE DETAINED ME UP UNTIL,JUNE,16th,2015.

PAGE 5.
COMPLAINT:

15.)     IN FEBRUARY OF 2015 PLAINTIFF RECEIVED A DISORDERLY CONDUCT

         VIOLATION FOR THE SEPTEMBER,5th,2014 COMPLAINT. PAROLE WOULD

         NOT LIFT THE PAROLE WARRANT UNTIL JUNE,29th,2015 AND ON JULY

         1st,2015 THE PLAINTIFF WAS RELEASED ON A SECURED BAIL. YET,

         STILL HELD ON THE WARRANT. A PAROLE JUDGE BELTRANI REFUSED TO

         THIS JUDGE CLAIMED THAT PLAINTIFF HAD A VIOLATION FELONY

         PENDING,WHICH FORCED PLAINTIFF TO A K-CALENDAR.

16.)     THE NEW YORK STATE DIVISION OF PAROLE HELD PLAINTIFF PAST HIS

         PAROLE MAY DATE OF MARCH,14th,2015 EVENTHOUGH THEY WERE AWARE

         OF THE DISORDERELY VIOLATION AND TERMINATION OF MISDEMEANOR

         CHARGES.

17.)     (SEE:EXHIBIT-"B")"AFFIDAVIT IN SUPPORT OF SEARCH WARRANT" DATED
         AND SIGNED UNDER OATH,JANUARY,13th,2015 BY P.O.ANDREW NASH (SHEILD-
         #11510(5 of 5 PAGES.)

         (SEE:EXHIBIT-"C")"SEARCH WARRANT" DATED:JANUARY,13th,2015 BY HON.
         R.CARRUTHERS.

PAROLE OFFICER NASH COMMITTED PERJURY WHEN MAKING THIS AFFIDAVIT

IN SUPPORT OF SEARCH WARRANT(SEE EXHIBIT-"B")WHEN THIS COURT

COMPARES THE ACTUAL MISDEMEANOR COMPLAINT(EXHIBIT-"A") BY P.O.

NASH,WHICH DETAILS FACTUAL SWORN ALLEGATIONS CONCRENING PROBABLE

CAUSE FOR THE DEBOUR INQUIRY[1]      QUOTING:"I OBSERVED THE

DEFENDANT DRIVING A BLACK 2011(BMW) SEDAN WESTBOUND ON WEST 144th

STREET,THAT THE KEY WAS IN THE IGNITION[2] THE ENGINE WAS RUNNING

AND THE DEFENDANT BEHIND THE WHEEL". THIS COMPLAINT IS NOT ONLY

BASED ON"HEARSAY ALLEGATIONS" (C.P.L.#100.40(c) YET, IS SIMPLY

INSUFFICIENT ON ITS FACE.  (C.P.L.#100.15 Subd(3) (NEW YORK Mc-

KINNEY'S).

|8.)      THEN COMPARES THE SWORN ALLEGATIONS CONCERNING PROBABLE CAUSE

LISTED IN THE SEARCH WARRANT AFFIDAVIT(EXHIBIT-"B") QUOTING PAGE#2

PARAGRAPH(8-A) AND PAGE#3) BY P.O.NASH," I AM PARTICIPATING IN A

LONG TERM INVESTIGATION RELATING TO STOLEN CREDIT CARD NUMBERS

PAGE 7.
COMPLAINT:

BEING USED TO ACQUIRE AND SUBSEQUENT RENT VARIOUS VEHICLES. ON

SEPTEMBER,5th,2014 AT APPROXIAMETLY 5:15 p.m.  IN THE VICINITY

OF WEST 144th,STREET AND LENNOX AVENUE. I OBSERVED A 2011 BLACK

(BMW) 5 SERIES LICENSE PLATE#GRN8887 HEREINAFTER THE TARGETED

VEHICLE" SINCE THE REAR LICENSE PLATE WAS IMPROPERLY DISPLAYED

I PULLED THE TARGET VEHICLE OVER".

[ 1 ] SEE,PEOPLE v, DEBOUR" 386 N.Y.S.2d 375-1976
[ 2 ] IT SHOULD BE NOTED THAT THIS VEHICLE DOES NOT HAVE A KEY
         IGNITION.

(19.)   POLICE OFFICER NASH COMPLETELTY CHANGED UP HIS REASON FOR PULLING

THE VEHICLE OVER MAKING AN INQUIRY PURSUANT TO PEOPLE V DEBOUR (SUPRA)

P.O NASH FORGOT ABOUT THE REAR LICENSE PLATE IN THE MISDEMEANOR

COMPLAINT,WHICH WAS IMPROPERLY DISPLAYED" HOWEVER CREATED A LIE

ABOUT THE VEHICLE HAVING A KEY IGNITION, THIS CONSTITUE PERJURY

AND P.O. NASH CREDIBILITY IS NOW IN QUESTION AND THAT IS MOST LIKELY

WHY THE (ADA) GAVE UP THE MISDEMEANOR PROSECUTION.

BPAGE 8.
COMPLAINT:

## FIRST CLAIM FOR RELIEF DEPRIVATION
## OF FEDERAL RIGHTS UNDER 42 U.S.C §1993

#20  PLAINTIFF REPEATS, REITERATES AND REALLEGES EACH AND EVERY ALLEGATION

CONTAINED IN PARAGRAPHS NUMBERED "1" THROUGH "19" WITH THE SAME FORCE

AND EFFECT AS IF FULLY SET FORTH HEREIN.

#21  ALL OF THE AFOREMENTIONED ACTS OF DEFENDANT, THEIR AGENTS, SERVANTS

#22  ALL OF THE AFOREMENTION. ACTS DEPRIVED PLAINTIFF KEENAN LEWIS*    OF

THE RIGHTS,PRIVILEGES AND IMMUITIES GUARANTEED TO CITZENS OF THE UNITED

STATES OF AMERICA,AND IN VIOLATION OF 42 U.S.C.#1983.

#23  THE ACTS COMPLAINED OF WERE CARRIED OUT BY THE AFOREMENTIONED

INDIVIDUAL DEFENDANT IN THEIR CAPACITIES AS POLICE OFFICERS WITH

ALL THE ACTUAL AND/OR APPARENT AUTHORITY ATTENDANT THERETO.

#24  THE ACTS COMPLAINED OF WERE CARRIED OUT BY THE AFOREMENTIONED

INDIVIDUAL DEFENDANT IN THEIR CAPACITIES AS POLICE OFFICERS,

PURSUANT TO THE CUSTOMS, USAGES, PRACTICES,PROCEDURES,AND THE

RULES OF THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT

ALL UNDER THE SUPERVISION OF RANKING OFFICERS OF SAID DEPARTMENT.

#25  DEFENDANT, COLLECTIVELY AND INDIVIDUALLY, WHILE ACTING UNDER COLOR

OF STATE LAW, ENGAGED IN CONDUCT WHICH CONSTITUTED A CUSTOM, USAGE,

PRACTICE, PROCEDURE OR RULE OF THE RESPECTIVE MUNICIPALITY/AUTHORITY

PAGE 9.
COMPLAINT:

--WHICH IS FORBIDDEN

BY THE CONSTITUTION OF THE UNITED STATES.

"SECOND CLAIM FOR RELIEF-
FALSE ARREST AND FALSE IMPRISONMENT UNDER U.S.C.
#1983"

26.)  PLAINTIFF REPEATS,REITERATES AND ALLEGES EACH AND EVERY ALLEGATION

CONTAINED IN PARAGRAPHS NUMBERED "1" THROUGH "25" WITH THE SAME FORCE

AND EFFECT AS IF FULLY SET FORTH HEREIN.

27.)  AS A RESULT OF THE AFORESAID CONDUCT BY DEFENDANTS,PLAINTIFF WAS

SUBJECTED TO ILLEGAL,IMPROPER AND FALSE ARREST BY THE DEFENDANTS,

TAKEN INTO CUSTODY,AND CAUSED TO BE FALSELY IMPRISONED,DETAINED,

AND CONFINED,WITHOUT ANY PROBABLE CAUSE,PRIVILEGE OR CONSENT.

28.)  AS A RESULT OF THE FOREGOING,PLAINTIFF'S LIBERTY WAS RESTRICTED

FOR AN EXTENSIVE PERIOD OF TIME,HE WAS PUT IN FEAR FOR HIS SAFETY

AND HE WAS HUMILIATED AND SUBJECTED TO HANDCUFFING AND OTHER

PHYSICAL RESTRAINTS,WITHOUT PROBABLE CAUSE.

PAGE 10.
COMPLAINT:

## "THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C.#1983"

#29.)    PLAINTIFF REPEATS,REITERATES AND REALLEGES EACH AND EVERY

ALLEGATION CONTAINED IN PARAGRAPHS NUMBERED"1" THROUGH"28"

WITH THE SAME FORCE AND EFFECTS AS IF FULLY SET FORTH HEREIN.

#30.)    DEFENDANTS MISREPRESENTED AND FALSIFIED EVIDENCE BEFORE THE

NNEW YORK COUNTY DISTRICT ATTORNEY.

#31.)    DEFENDANTS DID NOT MAKE A COMPLETE AND FULL STATEMENT OF FACTS

TO THE DISTRICT ATTORNEY.

#32.)    DEFENDANTS WITHHELD EXCULPATORY EVIDENCE FROM THE DISTRICT

ATTORNEY.

#33.)    DEFENDANTS WERE DIRECTLY AND ACTIVELY INVOLVED IN THE INITIATION

OF CRIMINAL PROCEEDINGS AGAINST PLAINTIFF KEENAN LEWIS.*

#34.)    DEFENDANTS LACKED PROBABLE CAUSE TO INITIATE CRIMINAL PROCEEDINGS

AGAINST PLAINTIFF KEENAN LEWIS.*

#35.)    DEFENDANTS ACTED WITH MALICE IN INITIATING CRIMINAL PROCEEDINGS

AGAINST PLAINTIFF KEENAN LEWIS.*

#36.)    DEFENDANTS WERE DIRECTLY AND ACTIVELY INVOLVED IN THE CONTINUATION

OF CRIMINAL PROCEEDINGS AGAINST PLAINTIFF KEENAN LEWIS.*

PAGE 11.
COMPLAINT:

#38.)   DEFENDANTS ACTED WITH MALICE IN CONTINUING CRIMINAL PROCEEDINGS

AGAINST PLAINTIFF  KEENAN LEWIS.*

#39.)   DEFENDANTS MISREPRESENTED AND FALSIFIED EVIDENCE THROUGHOUT ALL

PHASES OF THE CRIINAL PROCEEDINGS,SPECIFICALLY DEFENDANTS FALSLY

ALLEGED PLAINTIFF HAD KEY IN IGNITION AND IMPROPERLY DISPLAYED

LICENSE PLATE.

#40.)   NOTWITHSTANDING THE PERJURIOUS AND FRAUDULENT CONDUCT OF DEFENDANTS

THE CRIMINAL PROCEEDINGS WERE TERMINATED IN PLAINTIFF

FAVOR ON OR ABOUT JUNE,16th,2015 WHEN THE CHARGES AGAINST HIM WERE

LOWERED TO A DISORDERLY CONDUCT.

#41.)   AS A RESULT OF THE FOREGOING PLAINTIFF LIBERTY WAS RESTRICTED FOR AN

EXTENDED PERIOD OF TIME,HE WAS PUT IN FEAR OF HIS SAFETY,AND HE WAS

HUMILIATED AND SUBJECTED TO HANDCUFFING AND OTHER PHYSICAL RESTRAINTS

WITHOUT PROBABLE CAUSE.

#42.)                          INJURIES CLAIMED

As A Result of this False Arrest and Incarceration, including the

Judicial Process of Plaintiff's Bail Status being Revoked. The New

York State Division of Parole violated this Plaintiff and the cause

of that violation was this arrest. That Violation was dismissed,

yet, the State Division of Parole, Through Ministerial Negligence

--and the Parole Judge, would not lift the Parole Hold and left
the Plaintiff on a (K-Calendar).  As a result, the full arrest
and detention related to this case lasted over **179 Days**. That
no warrant existed and as was previously stated, the prosecu-
tion was terminated.  P.O.  Nash committed perjury and tailored
arrest events. (SEE: PEOPLE V. GARAFOLO, 353 NYS2d 500).
P.O. Nash continued to investigate and manufacture other charges
by changing up the arrest event's. Moreover, lied about the events
within the Misdemeanor Complaint. (SEE: C.P.L. §100.15(3), §100.
40(C).)).

The District Attorney committed prosecutorial misconduct by not
correcting these false statements and by over-looking these false
allegations, also had a duty to correct them. Yet, continued to
prosecute this Plaintiff.

#43.)   <u>DAMAGES REQUESTED:</u>   The Plaintiff is requesting Attorney's Fees,
                     and Punitive Damages, including, Compensatory
                     and Monetary Damages in the Amount of
                     $1,000,000.00, FOR EACH DEFENDANT AND CAUSE
                     OF ACTION LISTED, to be determined by this
                     Court, Including Each Constitutional Violation.

I Declare under penalty of perjury that the foregoing is true and
correct.   Signed This _26_ Day of September, 2016.

                        Mr. Keenan Lewis, Pro-se
                        *Keenan Lewis*

I, Keenan Lewis, declare under penalty of perjury that on this
_26_ day of September, 2016, I am Mailing, One Original and Two
Copies of said complaint, with attached exhibits inside of one
envelope to The Pro-se Office of the United States District Court
For The Southern  District of New York, 500 PEARL ST, NY NY
10007.              28 U.S.C. 1746   *Keenan Lewis*
                                     Signature

EXHIBIT (B):                                    *NO93* 2014*

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH

(i) A 2011 BLACK BMW 5 SERIES, LICENSE PLATE # GRU8887,

CURRENTLY IN THE CUSTODY OF THE NEW YORK POLICE

DEPARTMENT ("THE TARGET VEHICLE") and

(ii) A GRAY IPHONE, MODEL #A1429 AND A BLACK

SAMSUNG GALAXY S 2 CELLULAR TELEPHONE, BOTH HELD

UNDER VOUCHER 1000547834 ("THE TARGET CELLULAR

TELEPHONES")

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Police Officer Quincy Smith Shield # 21133, of the 32nd Detective Squad of the New York City Police Department ("NYPD"), being duly sworn, deposes and says:

1.      I am a Police Officer assigned to the 32nd Detective Squad and as such I am a public servant of the kind specified in CPL 690.05(1). I have been a member of the New York City Police Department for over nine years.  I have made over four hundred arrests and have assisted in the execution of at least five search warrants.

2.      This affidavit is submitted in support of an application for a warrant to search a 2011 Black BMW 5 Series, License Plate # GRU8887 ("the target vehicle") and a Gray Iphone, Model #A1429 and a Black Samsung Galaxy S 2 Cellular telephone, both held under voucher 1000547834("the target cellular telephones"), where there is reasonable cause to believe that evidence of the commission of the crimes of Criminal Possession of a Weapon in the Second Degree, Penal Law § 265.03, Attempted Murder in the Second Degree, Penal Law §§ 110/125.25(1), may be found in the form of the following property:

a.   Projectiles, spent bullets, shell casings discharged from firearms or any other evidence demonstrating that a firearm was discharged in proximity to the target vehicle

b.   Blood stains or other bodily tissue

3165

c.  Blood stained clothing

d.  EZ Passes

e.  Any electronic devices which store GPS information or other information regarding the use of the target vehicle

f.  any and all cellular telephones, cameras, video-recorders, other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

g.  any and all books, manuals, guides or other documents containing information about the operation and ownership of a cellular telephone, camera, video recorder, or other electronic storage device present in the target vehicle, including, but not limited to, computer, cellular telephone and software user manuals;

h.  evidence of ownership and use of the target vehicle and the target cellular telephones, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

3.  With respect to the seizure and search of electronic storage devices, cellular telephones, cameras, video recorders and other electronic devices and/or equipment capable of storing the above described property in addition to searching for the items described above in Paragraph 2, that authorization be granted to search these devices for:

a.  Evidence of communications relating to a shooting which occurred on August 29, 2014 including text messages, photographs, emails or any other form of communication

b.  any and all data, information, or images evidencing internet usage history for the time period from August 27, 2014 through September 6, 2014;

c.  any and all data, information, or images which evidence ownership and use of the device, including, but not limited to, calendar entries, email account addresses, stored telephone numbers and names, nicknames, and/or labels assigned to said numbers, photographs, videos, bank account documents, bills and invoices, recorded voice memos, text messages, instant messenger messages and letters and voice mails stored on any seized device;

d.  any and all data, information, or images evidencing passwords which may be used to

2

3165

unlock or decrypt data, information or images stored on the device, which may or may not be stored in a locked or encrypted fashion, whether said passwords are letters, numbers, characters, words, or data strings(sequence of characters);

e.  Evidence of communication made immediately before or after the shooting which occurred on August 29, 2014 at approximately 4:30pm including phone records and cellular telephone number assigned to the target devices

f.  the identify of all individuals who either sent a received a communication to the target cellular telephones from August 29, 2014 to the present

4.      It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target vehicle; to process the target vehicle for fingerprints; to analyze, test, and in any way scientifically process the target vehicle and all items seized.

5.      With respect to the stored electronic data, information and images contained in computers and other electronic devices described above and/or their components and accessories, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

6.      As set forth below, there is reasonable cause to believe the above described property constitutes evidence, tends to demonstrate that an offense was committed and that a particular person participated in the commission of said offense.

7.      I am informed by Keenan Lewis that on August 29, 2014 at approximately 4:30pm, informant heard gunshots and immediately noticed he had been shot in his arm and in his back. Mr. Lewis then proceeded to Harlem Hospital where he received treatment for the gunshot wounds. I began investigating the above described shooting. Accordingly, I proceeded to the vicinity of the reported shooting. In the vicinity of 138 West 137th Street, I observed a shell casing which had been discharged from a 380 caliber firearm. I also observed a trail of blood in the vicinity of 137th Street and 7th Avenue. I obtained surveillance video from 175 West 137th Street. At approximately 4:43pm on August 29, 2014, individuals pictured in the video seem to react to the sound of gun fire in that the individuals pictured on the video all crouch down, look and subsequently move away from the location which I determined to be the location of the shooting. A moment after the individuals react to the sound of gun fire, I observed what appears to be a Black BMW driving westbound on 137th Street.

I am informed by Police Officer Nash that on September 5, 2014, Officer Nash observed a 2011 Black BMW 5 Series, License Plate # GRU8887, to wit, the target vehicle, driving on 142nd Street. Since the vehicle had an improperly displayed license plate, Officer Nash pulled the vehicle over. The vehicle was operated by Keenan Lewis, the same individual mentioned and described above. Officer Nash then determined that Mr. Lewis' license was suspended and accordingly placed him under arrest. Officer Nash then took the target vehicle into police custody. During arrest processing, Officer Nash recovered a Gray Iphone, Model #A1429 and a black Samsung Galaxy cellular telephone, to wit, the target cellular telephone. Both those phones were vouchered under invoice number

3165

1000547834.

After the target vehicle was taken into police custody, I observed a blood stain on the driver seat, a bullet hole in the front driver side door covered by black electrical tape and another bullet hole on the rear driver side door. The bullet hole in the rear driver side door was covered by a silver sticker. Based upon my observations of the target vehicle and my review of the surveillance video, the target vehicle appears to be the same vehicle I observed on the above described surveillance video moments after the shooting. Thus, based upon my review of the surveillance video, the blood stain in the car, the apparent bullet holes in the vehicle as well as other forensic evidence, I believe Mr. Lewis was actually inside of the vehicle when he was shot.

Further, I interviewed Mr. Lewis on August 29, 2014 while he was inside of Harlem Hospital receiving medical treatment. Although Mr. Lewis stated that he is unable to identify the perpetrator of the shooting, I believe based upon my own investigation and experience as a police officer that the identity of the shooter is actually known to Mr. Lewis. First, Mr. Lewis gave inconsistent accounts as to the circumstances immediately leading up to and following the shooting. Mr. Lewis informed me that he was walking southbound when he was shot but previously informed Officer Christopher Wintermute that he was walking northbound. Further, Mr. Lewis informed Officer Christopher Wintermute that he walked to Harlem Hospital but then informed me that he took a cab to the hospital. Finally, based upon my own experience as a police officer, victims are sometimes unwilling to identify perpetrators known to them because of a fear of retaliation. Thus, based upon my own experience, Mr. Lewis likely revealed more information regarding the shooting to individuals he spoke with after the incident occurred. A search of the cellular telephones recovered from Mr. Lewis, as well as any additional communication devices present in the target vehicle, will reveal the identity of those individuals and may reveal the identity of the actual shooter. Further, I believe that a search of the phones will reveal information as described above since Mr. Lewis was in possession of at least one cellular telephone during and immediately after the shooting. I believe that Mr. Lewis was in possession of at least one cellular telephone since I spoke to an individual via telephone, Jainee Walker, who identified herself as Mr. Lewis' girlfriend. Ms. Walker informed me that Mr. Lewis called her and informed her that he was shot. Immediately after telling me that Mr. Lewis had called her and informed her of the shooting, Ms. Walker hung up the phone. However, Mr. Lewis denied being in possession of any cellular telephones during the time of the shooting, or immediately after.

8.    As indicated above, I am seeking to seize and remove from the target vehicle any computers as defined in Penal Law Section 156.00(1), as well as cellular telephones, cameras, video-recorders, and other electronic devices capable of storing data, information and images.

a) Because such devices are readily capable of storing data, information and images, it is reasonable to believe that any such devices located in the target premises may contain evidence of the crimes under investigation and sought by this warrant application. Neither I, nor my fellow officers assigned to my unit, have the training and expertise in forensic computer analysis to conduct a thorough and complete forensic search of computers, cellular telephones and/or other electronic storage devices located in the target premises. I am therefore requesting that the Court authorize the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me in accessing, downloading, retrieving, printing, copying or otherwise seizing the computerized and electronic evidence

4

3165

[handwritten margin note, left side, rotated: "After the shooting at the Hospital was Mr. Lewis! Clothing taken as evidence. And sneakers?? So No cell phone was taken b/c it was not one on the scene. Therefore No need to take Phones Weeks later!"]

described above from any devices seized in the target location.

b) Attached hereto and incorporated by reference in my application is a sworn affidavit by a member of the New York County District Attorney's Office's Cybercrime and Identity Theft Bureau.

WHEREFORE, deponent respectfully requests that the court issue a warrant and order of seizure in the form annexed authorizing a search of the target vehicle and the target cellular telephones, for the above described property; and directing that if such property is found, it be brought before the Court.

Authorization is also requested to videotape and photograph the interior of the target vehicle; to process the target vehicle for fingerprints; to analyze, test, and in any way scientifically process the target vehicle and all items seized.

It is also requested that the Court authorize the seizure of computers, cellular telephones, and/or other electronic storage devices as described above for the purpose of conducting an off-site search for the evidence described. In addition, it is also requested that this Court grant permission to retrieve the above-described data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

It is also requested that the Court authorize that, for purposes of the requirement that a search warrant be executed within ten days as mandated by C.P.L. Section 690.30(1), that with respect to any computers, cellular telephones, and other electronic storage devices, the warrant be deemed executed at the time that said devices are seized and removed from the target premises, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant. Once said computers and other devices are seized pursuant to the warrant, the data, information and images contained therein will not change, and thus no greater intrusion will result from a thorough search being conducted within a reasonable time.

It is also requested that the Court authorize a search of all files and data stored in computers, cellular telephones, and other electronic storage devices, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored.

It is also requested that the Court authorize forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist me, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing the computerized information and electronic evidence described above from any devices seized in the target location.

It is requested that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission be granted for an assistant district attorney in the New York County District Attorney's Office to obtain a copy of any such sworn

5

3165

testimony and that permission be granted for an assistant district attorney in the New York County District Attorney's office to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

_____
Police Officer Quincy Smith

_____
Michael Pasinkoff
APPROVED:  Assistant District Attorney

Sworn to before me this
September 6, 2014

**HON. LAURIE PETERSON**
_____
Judge

PART  AR3
HON  L. PETERSON
CT RPT B. OEREMIA
09-06-14

_____
Name of Court Reporter

6

3165

EXHIBIT (C):

N0934-2014
N0935

## SEARCH WARRANT

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

    Proof by affidavit having been made this day before me by Police Officer Quincy Smith, Shield # 21133, of the 32nd Detective Squad of the New York City Police Department that there is reasonable cause to believe that certain property, to wit:

a. Projectiles, spent bullets, shell casings from firearms or any other evidence demonstrating that a firearm was discharged in proximity to the target vehicle

b. Blood stains or other bodily tissue

c. Blood stained clothing

d. EZ Passes

e. Any electronic devices which store GPS information or other information regarding the use of the target vehicle

f. any and all cellular telephones, cameras, video-recorders, other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

g. any and all books, manuals, guides or other documents containing information about the operation and ownership of a cellular telephone, camera, video recorder, or other electronic storage device present in the target vehicle, including, but not limited to, computer, cellular telephone and software user manuals;

h. evidence of ownership and use of the target vehicle and the target cellular telephones, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

3165

e.  Evidence of communication made immediately before or after the shooting which occurred on August 29, 2014 at approximately 4:30pm including phone records and cellular telephone number assigned to the target devices

f.  the identify of all individuals who either sent a received a communication to the target cellular telephones from August 29, 2014 to the present;

FURTHER, this Court authorizes that, with respect to any computers, cellular telephones including the target cellular telephones, and other electronic storage devices, as described above, for purposes of the requirement that a search warrant be executed within ten days as mandated by C.P.L. Section 690.30(1), this warrant will be deemed executed at the time that said devices are seized and removed from the target premises, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to the warrant;

FURTHER, this Court authorizes a search of all files and data stored in computers, cellular telephones, and other electronic storage devices, as described above, irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised or otherwise stored;

FURTHER, this Court authorizes forensic computer analysts assigned to the New York County District Attorney's Office Cyber Crime and Identity Theft Unit and/or the New York City Police Department Computer Crimes Squad to assist, as deemed necessary by law enforcement officials, in accessing, downloading, retrieving, printing, copying and otherwise seizing data, information and images from computers, cellular telephones including the target cellular telephones and other seized electronic storage devices as described above.

IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit and/or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

This warrant must be executed within 10 days of the date of issuance.

HON. LAURIE PETERSON

Judge of the Criminal Court

Dated: New York, New York

3

EXHIBIT (D):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION PURSUANT TO C.P.L.

ARTICLE 690 AND 18 U.S.C. §2703 FOR A WARRANT/ORDER

TO SEARCH/OBTAIN RECORDS RELATING TO THE GOOGLE

(A/K/A GMAIL.COM) ACCOUNT ASSOCIATED WITH THE

FOLLOWING EMAIL ADDRESSES f.rodriguez1084@gmail.com;

niaqawanawilliams@gmail.com; krare0420@gmail.com and

missfuller31@gmail.com ("THE TARGET ACCOUNTS")

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

*Change story*

Police Officer Andrew Nash, being duly sworn, deposes and says:

1. I am a police officer, shield #11510, assigned to the 32nd Precinct of the New York City Police Department (NYPD), and as such I am a public servant of the kind specified in CPL §690.05(1). I have been a police officer for three and a half years. I have participated in the execution of two search warrants.

2. This affidavit is submitted in support of an application for a warrant to search/obtain records relating to the Google (a/k/a gmail.com) accounts associated with email addresses f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ; ("THE TARGET ACCOUNTS"), where there is reasonable and probable cause to believe that evidence of the commission of the below crimes, among others, and an attempt and conspiracy to commit the below crimes, may be found:

*Not in my Alleged Phone*

- Identity Theft (P.L. §190.78 et seq.)
- Criminal Possession of Stolen Property (P.L. §165.40 et seq.)
- Forgery (P.L. §170.10 et seq.)
- Grand Larceny (P.L. § 155.30 et seq.)
- Criminal Possession of a Forged Instrument (P.L. §170.25 et seq.)
- Unlawful Possession of Personal Identification Information (P.L. §190.81 et seq.)

*Every search Warrant's Validation is Based upon A Transaction After my Arrest But before evidence recieved*

3. The information contained in this affidavit is based upon interviews with witnesses, reviews of witnesses' statements or reports by others who conducted interviews, my conversations with other Police Officers, my review of documents related to this investigation, personal observations or reports of observations of other Police Officers, and inferences I have drawn from this information. It does not, however, include all of the information known to me with respect to this investigation, but only the information that is necessary to establish the requisite probable cause.

4. There is reasonable and probable cause to believe that the following evidence will be found:

   a. Any and all subscriber and account information and history, and retained account data, for f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ("THE TARGET ACCOUNTS"), including: payment history, detailed billing information, method of payment, including full debit, credit, or bank account numbers used, Google Drive contents, Contacts or "Buddy List" content, Google Calendar, sent and received email messages that are or were in the account, saved or draft email messages, any files attached to any email messages, Internet Protocol ("IP") log history, connection log data, account creation data, passwords, sign-on codes, account numbers, and any other information maintained by or within the databases of the service provider and related entities regarding the named email accounts and subscriber and any linked email accounts and subscribers, which shows or tends to show the following:

      (i) the identity of the user of the email addresses and accounts, which may be evidenced through, among other things, billing and payment information, passwords, sign-on codes, IP addresses, other email addresses used or corresponded with, phone numbers, addresses, account numbers for other internet accounts and non-internet accounts, names used, correspondence, and writing style; and

      (ii) involvement in Identity Theft, Criminal Possession of Stolen Property, Forgery, Grand Larceny, Criminal Possession of a Forged Instrument, Unlawful Possession of Personal Identification Information, and/or involvement in the planning of, recruiting for, or commission of those crimes; communication with witnesses to and victims of the above-named crimes; communication with third parties relating to witnesses to and victims of the above-named crimes; and communication with third parties while using aliases or other identities.

   b. Entries, stored information, or communications to or from others tending to show that the owner/user of f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ("THE TARGET ACCOUNTS") utilized such email account in order to commit the above-mentioned crimes, and/or to plan, recruit others for, or otherwise engage in the above-mentioned crimes;

   c. Evidence of possession or attempt to obtain credit card numbers including

photographs of credit card account numbers;

d.  Evidence of the possession or attempted possession of vehicles including but not limited to emails relating to the financing or insurance of vehicles

e.  Emails relating to the rental of vehicles;

f.  Communications between Leonardo Mendoza, Francis Rodriguez, Diana Semidey, Enid Semidey, Rudy Junior Cordero, Nico Vega, Lauren Henriquez, Nunez Morales, Abimail Baez, Thomas Rivera, Elizabeth Reyes, Andrea Otero, Romaine Quillan; Niaqawana Williams and Keenan Lewis.

## REASONABLE AND PROBABLE CAUSE TO BELIEVE THAT THERE IS EVIDENCE WITHIN THE TARGET EMAIL ACCOUNTS

5.  As set forth below, there is reasonable and probable cause to believe the above-described accounts have been used, or were possessed for the purpose of being used, to commit or conceal the commission of an offense, and the above-described account constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense.

a.  I am investigating the use of stolen credit cards to obtain, finance and insure various vehicles.  The basic facts of this investigation are outlined in the attached affidavit, which is attached hereto as Exhibit A and incorporated by reference herein.

b.  As noted in the attached affidavit, I arrested Keenan Lewis on September 5, 2014. Further the GEICO insurance documents relating to the 2011 BMW he was driving listed f.rodriguez1084@gmail.com, to wit, one of the target email addresses, as an email address associated with the policy.  In addition, multiple other individuals were listed as associated with the insurance policy including Leonardo Mendoza, Francis Rodriguez, Diana Semidey, Rudy Junior Cordero, Nico Vega, Lauren Henriquez, Nunez Morales, Enid Semidy, Abimail Baez, Thomas Rivera, Elizabeth Reyes, Andrea Otero, Romaine Quillan

c.  When I arrested Mr. Lewis, I recovered two cellular telephones from his person including a black Samsung Galaxy cellular telephone.  A search warrant was executed on that cellular telephone and I, along with other members of my team, reviewed the search warrant results.  The information extracted from the phone contained among other information, various emails with attached photograph.  As relevant to the investigation, I reviewed approximately 17 photographs sent to krare0420@gmail.com, to wit, one of the target email addresses.  The photographs were screenshots of a computer screen which contained, among other information, a credit card account number and billing address.  The computer screens which were photographed were entitled "PRE-PAY TRIP WITH CREDIT CARD."  I was able to determine the email addresses from which some of the above described photographs were sent including three photographs sent from missfuller31@gmail.com and three photographs sent from niaqawanawilliams@gmail.com.  As noted above all of these photographs were sent to

krare0420@gmail.com.

d.   I am informed by Sergeant Isiah Martinez that on December 30, 2014, he began surveillance on the residence of Niaqawana Williams located at 1694 Madison Avenue, New York, New York. Sergeant Martinez observed Ms. Williams exit her residence and proceed to an office of Carmel Car Service located at 2642 Broadway. Thus, based upon this information and the above described photographs, it appears that Ms. Williams is obtaining credit card account numbers from the Carmel Car Service customer database and sending them to Keenan Lewis.

6.   Due to the nature of this order, upon its issuance, the email service provider, Google (a/k/a gmail.com), will conduct a diligent search of its own business records, and provide the results to the New York City Police Department and/or the New York County District Attorney's Office in an electronic format. Neither I nor any other members of law enforcement agencies will be present while the email service provider conducts this search of its own business records. The email service provider is not suspected of committing any crimes in connection with the email account that is the subject of this warrant/order, therefore it would be contrary to common sense, public policy, and the interests of justice for law enforcement officials to conduct a physical or electronic search of the premises or computers of the email service provider. Moreover, allowing the email service provider to review its own records in the absence of any law enforcement personnel is in accordance with the Electronic Communications Privacy Act (ECPA). See 18 U.S.C. § 2703(g). The ECPA provides that law enforcement may obtain email content from email providers using a suitable court process based upon probable cause. Upon obtaining the results of the search for records conducted by the email service provider, the People request the Court's authorization to seize, search, retrieve, and view all the data, information, and images contained therein, and to print and otherwise reproduce them by converting or copying them into storage in another device. Notwithstanding this authorization, the People request that the Court deem this warrant/order as "executed" when it is served upon the email provider, and deem subsequent review as analysis.

7. The individuals believed to be associated with THE TARGET ACCOUNTS have not been arrested or charged and they are therefore unaware of the investigation regarding their involvement in the above-described offenses. Therefore, pursuant to 18 U.S.C. § 2705(b), this application requests an order of non-disclosure to the records holder, since notification to the users of the target accounts prior to the completion of the instant investigation could cause the users and/or any accomplices to destroy or tamper with evidence, endanger the life or safety of another individual, flee from prosecution, intimidate a potential witness, or otherwise seriously jeopardize and interfere with an ongoing criminal investigation or unduly delay trial.

WHEREFORE, deponent respectfully requests that the Court authorize and issue a warrant/order in the form annexed to (i) search/obtain records of the Google servers and Google (a/k/a gmail.com) account associated with email addresses f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ("THE TARGET ACCOUNTS") for the above-described property, proceeds, and evidence, and (ii) directing that if such evidence is found, it be brought before the Court.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate. The People request that the application in this matter and any record made or testimony given be sealed, except for one copy upon the request of the New York County District Attorney's Office.

_____
Police Officer Andrew Nash

_____
Michael Pasinkoff
APPROVED: Assistant District Attorney

Sworn to before me this
_____

_____
Judge     HON. R. CARRUTHERS

PT. 81  JAN 1 3 2015

EXHIBIT (E):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

## SEARCH WARRANT

Proof by affidavit having been made this day before me by Police Officer Andrew Nash,

Shield No. 11510 of the 32nd Precinct, New York City Police Department, (i) that there is reasonable

and probable cause to believe that certain property, evidence, and records, to wit:

a. Any and all subscriber and account information and history, and retained account data, for f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ("THE TARGET ACCOUNTS"), including: payment history, detailed billing information, method of payment, including full debit, credit, or bank account numbers used, Google Drive contents, Contacts or "Buddy List" content, Google Calendar, sent and received email messages that are or were in the account, saved or draft email messages, any files attached to any email messages, Internet Protocol ("IP") log history, connection log data, account creation data, passwords, sign-on codes, account numbers, and any other information maintained by or within the databases of the service provider and related entities regarding the named email account and subscriber and any linked email accounts and subscribers, which shows or tends to show the following:

(i)   the identity of the user of the email address and account, which may be evidenced through, among other things, billing and payment information, passwords, sign-on codes, IP addresses, other email addresses used or corresponded with, phone numbers, addresses, account numbers for other internet accounts and non-internet accounts, names used, correspondence, and writing style; and

(ii)  involvement in Identity Theft, Criminal Possession of Stolen Property, Forgery, Grand Larceny, Criminal Possession of a Forged Instrument, Unlawful Possession of Personal Identification Information, and/or involvement in the planning of, recruiting for, or commission of those crimes; communication with witnesses to and victims of the above-named crimes; communication with third parties relating to witnesses to and victims of the above-named crimes; and communication with third parties while using aliases or other identities.

b. Entries, stored information, or communications to or from others tending to show that the owner/user of f.rodriguez1084@gmail.com; niaqawanawilliams@gmail.com; krare0420@gmail.com and missfuller31@gmail.com ("THE TARGET ACCOUNTS")

utilized such email account in order to commit the above-mentioned crimes, and/or to plan, recruit others for, or otherwise engage in the above-mentioned crimes

c. Evidence of possession or attempt to obtain credit card numbers including photographs of credit card account numbers

d. Evidence of the possession or attempted possession of vehicles including but not limited to emails relating to the financing or insurance of vehicles

e. Emails relating to the rental of vehicles

f. Communications between Leonardo Mendoza, Francis Rodriguez, Diana Semidey, Enid Semidey, Rudy Junior Cordero, Nico Vega, Lauren Henriquez, Nunez Morales, Abimail Baez, Thomas Rivera, Elizabeth Reyes, Andrea Otero, Romaine Quillan; Niaqawana Williams and Keenan Lewis

may be found in the Google (a/k/a gmail.com) account associated with email addresses f.rodriguez1084@gmail.com;   niaqawanawilliams@gmail.com;   krare0420@gmail.com   and missfuller31@gmail.com and (ii) that there is reasonable and probable cause to believe that the above-described property constitutes evidence and tends to demonstrate that an offense was committed, that a particular person participated in the commission of an offense, and that the target email accounts have been used, or was possessed for the purpose of being used, to commit or conceal the commission of an offense.

YOU ARE THEREFORE COMMANDED to search, enter, retrieve, examine, copy, and analyze the Google servers and Google (a/k/a gmail.com) account associated with email address f.rodriguez1084@gmail.com;   niaqawanawilliams@gmail.com;   krare0420@gmail.com   and missfuller31@gmail.com ("THE TARGET ACCOUNTS"), from the time period from inception of the target email account to the date of the warrant, for any and all payment history, detailed billing information, method of payment and credit card numbers used, contacts, sent and received email messages that are or were in the account, saved or draft email messages, any files attached to such email messages, basic subscriber and account information, the contents of any Google Drive account, and Internet Protocol ("IP") log history, and if you find such property or any part thereof, to bring it before the Court without unnecessary delay.

The Court authorizes the email service provider, Google (a/k/a gmail.com), to conduct the search/records check of its own records, servers, and computer systems, and to provide the results to the New York City Police Department or the New York County District Attorney's Office, in an electronic format convenient for law enforcement.  Investigators of the New York County District Attorney's Office or other law enforcement personnel are not required to be present while this search/records check is conducted by the email service provider.

Further, this Court hereby authorizes members of the New York City Police Department and the New York County District Attorney's Office to seize, search, retrieve, and view all the data, information, and images provided to them by the email service provider, Google (a/k/a gmail.com), and to print and otherwise reproduce them by converting or copying them into storage in another device.  Notwithstanding this authorization, the warrant/order is deemed "executed" when it is served upon the email provider, and subsequent review is deemed analysis.      Further, pursuant to 18 U.S.C. §2705(b), this Court orders Google (a/k/a gmail.com)  not to notify or otherwise disclose the existence or execution of this warrant/order to any associated user/accountholder, until the conclusion of this investigation or otherwise by court order.

This warrant must be executed within 10 days of the date of issuance.

_____
Justice of the Supreme Court

HON. R. CARRUTHERS

Dated: New York, New York

PT. 81  JAN 1 3 2015

Keenan Lewis 13A4688
309 Bare Hill Road
P.O. Box 2001
Malone, New York 12953

CERTIFIED MAIL

U.S. POSTAGE
PAID
BRONX, NY
10475
OCT 04, 16
AMOUNT
**$9.04**
R2304M112859-10

1000

10007

RETURN RECEIPT REQUESTED

Southern District of New York
Pro-Se Clerks Office
500 Pearl Street
New York, NY 10007